|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| MARISELA LEON MARTINEZ, | ) | |
| Plaintiff, | ) ) | Case No. 2:17-cv-02454-JCM-GWF |
| vs. | ) ) | **ORDER** |
| MGM GRAND HOTEL, LLC, | ) ) | Application to Proceed *in Forma Pauperis* (# 1) and Screening of Complaint (#1-1) |
| Defendants. | ) ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 1), filed on September 20, 2017.

### BACKGROUND

Plaintiff's complaint alleges that Defendant discriminated against her based on her disability. *Complaint* (ECF No. 1), ¶ 5. Plaintiff specifically states that she was employed by Defendant as a Kitchen Worker beginning in May 2004. ¶ 8. In May 2012, Plaintiff suffered a work related injury and was subsequently found to have a permanent partial disability with the restriction that she could not lift weight greater than 18 pounds. ¶ 9. Following this determination and allegedly at the request of Defendant's department of labor relations, Plaintiff requested to be accommodated based on her restriction. ¶ 10. One day after making her request, Defendant provided Plaintiff with a "note of Separation." ¶ 12. Plaintiff argues that she was effectively terminated as an act of retaliation for making an accommodation request. ¶ 13. Plaintiff believes she could have easily been accommodated by Defendant and its failure to do so was a form of disability discrimination in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act. ¶ ¶ 15-18, 45-46.

**DISCUSSION**

I. **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

II. **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

III. **Instant Complaint**

    A. **Americans with Disabilities Act**

The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities. 42 U.S.C. § 12112(a). To qualify for relief under the ADA, a plaintiff must show that "(1) she is a disabled person within the meaning of the statute; (2) she is qualified, with

or without reasonable accommodation, to perform the essential functions of the job she holds or seeks; and (3) that she suffered an adverse employment action because of her disability." *Puckett v. Park Place Entm't Corp.*, 332 F.Supp.2d 1349, 1352 (D. Nev. 2004) (citing *Braunling v. Countrywide Home Loans*, Inc., 220 F.33d 1154, 1156 (9th Cir. 2000)). A disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1)(A)-(C). Plaintiff asserts that she has a permanent partial disability; that she is able to work as a Kitchen Worker (or other similar employment); and that she was terminated from her employment based on her disability and request for accommodation. Therefore, the Court finds that Plaintiff's complaint sufficiently states a claim for discrimination under the ADA and may proceed as to that claim.

**B.  Title VII of the Civil Rights Act Does Not Prohibit Discrimination on the Basis of Disability**

Plaintiff's Title VII claim is based solely on allegations that Defendant discriminated against her based on her disability. *See generally Complaint* (ECF No. 1-1). However, "Title VII does not encompass discrimination on the basis of disability." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n. 8 (9th Cir. 2008); *see also Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) ("Title VII does not proscribe discrimination on the basis of disability."); *Mitchell v. Chapman*, 343 F.3d 811, 824 n. 12 (6th Cir. 2003) ("Title VII does not address disability discrimination."); *Brennan v. Nat'l Telephone Directory Corp.*, 881 F.Supp. 986, 996–97 (E.D.Pa.1995) ("[W]hile Title VII prohibits discrimination based upon a person's 'race, color, religion, sex, or national origin,' 42 U.S.C. § 2000e–2, it does not prohibit disability discrimination."). Plaintiff's complaint does not allege facts that sufficiently indicate that Defendant discriminated against her on the basis of a class protected by Title VII. Plaintiff's complaint did reference the fact that she is an individual who speaks "little English" and that Defendant knew she would have difficulty obtaining other employment because of that. *Complaint* (ECF No. 1-1), ¶ 26 and 31. Based on this allegation, Plaintiff appears to be making a Title VII claim based on either race or national origin. However, Plaintiff's complaint is not sufficiently clear on this point and the Court will not make Plaintiff's arguments for her. The Court will allow Plaintiff leave to amend to clarify if Plaintiff

believes she was also discriminated against on the basis of a class protected by Title VII. Accordingly,

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claim for discrimination based on the Americans with Disabilities Act may proceed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court

identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claim is **dismissed** without prejudice.  Plaintiff shall have until **April 6, 2018** to file an amended complaint correcting the noted deficiencies.

DATED this 6th day of March, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge