UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARISELA LEON MARTINEZ, | Case No. 2:17-CV-2454 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MGM GRAND HOTEL LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff Marisela Martinez's ("plaintiff") motion for reconsideration. (ECF No. 16). Defendant MGM Grand Hotel LLC ("defendant") filed a response (ECF No. 19), to which plaintiff replied (ECF No. 21).

Also before the court is plaintiff's motion to reopen case. (ECF No. 17). Defendant filed a response (ECF No. 18), to which plaintiff replied (ECF No. 21).

**I.  Background**

The parties are already familiar with the facts of this case. *See* (ECF No. 14). Accordingly, the court need not recite them again herein. However, the court will provide a brief summary of the procedural history that has led to the instant motion.

Plaintiff initiated this *pro se* action on September 20, 2017, alleging violations of the Americans with Disabilities Act and various other state and federal causes of action. (ECF No. 1-1). On April 17, 2018, defendant filed its motion to dismiss. (ECF No. 8). Plaintiff failed to respond to defendant's motion. Thereafter, on June 5, 2018, the court granted defendant's motion. (ECF No. 14).

In its order, the court analyzed the *Ghazali* factors and determined that dismissal was appropriate in light of plaintiff's failure to respond to defendant's motion to dismiss. *See id; see*

**James C. Mahan**
**U.S. District Judge**

*also Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995). Moreover, the court noted that it had reviewed the content of defendant's motion and determined that the motion presented meritorious arguments favoring dismissal of plaintiff's complaint. *Id.*

Thereafter, plaintiff filed the instant motions for reconsideration and to reopen case on June 5, 2018. (ECF Nos. 16, 17). As the content of plaintiff's motions are identical, the court will construe both motions as motions for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60. *See* Fed. R. Civ. P. 59, 60.

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

In her motions, plaintiff presents no grounds justifying reconsideration of the court's previous order. *See* (ECF Nos. 16, 17). Indeed, plaintiff offers no new evidence, no change in controlling caselaw, and makes no argument that the court committed clear error in dismissing plaintiff's complaint. *Id.*

The thrust of plaintiff's argument is that she filed this action *pro se*, and the "absence of competent legal advice" caused her to miss the deadline to file a response to defendant's motion. *Id.* at 3. However, as defendant points out in its responses to plaintiff's identical motions, even

James C. Mahan
U.S. District Judge

- 2 -

*pro se* parties are bound by the Federal Rules of Civil Procedure. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996). Moreover, because the court has already found that there exist meritorious grounds for dismissing plaintiff's complaint, reconsideration of defendant's motion to dismiss would be futile.

Therefore, because plaintiff presents no grounds warranting reconsideration of its prior order, the court will deny plaintiff's instant motions. However, the court dismissed plaintiff's claims without prejudice. *See* (ECF No. 14). Therefore, if plaintiff so desires, she is free to file a new action in an appropriate forum that properly asserts her stated claims.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 16) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to reopen case (ECF No. 17) be, and the same hereby is, DENIED.

DATED February 20, 2019.

_____
UNITED STATES DISTRICT JUDGE